THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FRANCISCO O. MARRERO MARCIAL, et al.,**

    **Plaintiffs,**

    v.

**PEDRO PIERLUISI URRUTIA, et al.,**

    **Defendants.**

Civ. No. 22-1106 (ADC)

**OPINION & ORDER**

**I.   Introduction and Factual Background**

Pending before the Court is a motion to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), filed on February 9, 2023 by defendants the Commonwealth of Puerto Rico ("Commonwealth") and Pedro Pierluisi-Urrutia, Alexis Torres, Antonio López-Figueroa, Lilibeth Torres-Pedraza, José Ortiz-Merced, Arnaldo Rodríguez-Rodríguez, and Enrique Feliciano Marrero in their respective official capacities (collectively, "defendants").[1] **ECF No. 32**. On March 29, 2023, in the absence of any opposition, the defendants requested that the Court deem the motion to dismiss as unopposed. **ECF No. 33**. Plaintiffs Francisco O. Marrero-Marcial, Ligia Noa-Rosario, Jessica Lee Marrero-Noa, and Michelle

---

[1] Defendants Lilibeth Torres-Pedraza, José Ortiz-Merced, Arnaldo Rodríguez-Rodríguez, and Enrique Feliciano-Marrero were sued **both** in their official and personal capacities.

Marrero-Noa (collectively, "plaintiffs") nevertheless filed a tardy opposition to the motion to dismiss on April 21, 2023. **ECF No. 34** and **34-1**.[2]

In short, plaintiffs claim in their Amended Complaint (**ECF No. 30**, "Amend. Comp.") that the defendants are liable to them under 42 U.S.C. § 1983 for the physical abuse and death of Francisco Marrero-Noa ("Marrero-Noa"). The allegations reflect that on September 27, 2019, Marrero-Noa was with his fiancé inside a small business called "Socios Café" in Bayamón, Puerto Rico, celebrating their recent engagement. Amend. Comp. ¶ 23. According to plaintiffs, while exiting the establishment, Marrero-Noa tripped. *Id.*, at ¶ 25. Puerto Rico Police Bureau ("PRPB") officers Lilibeth Torres-Pedraza, José Ortiz-Merced, Arnaldo Rodríguez-Rodríguez, and Enrique Feliciano-Marrero were nearby and laughed at Marrero-Noa "in a mocking manner." *Id.* A discussion ensued between Marrero-Noa, his fiancé and some of the PRPB officers. *Id.*, at ¶ 26. Plaintiffs allege that the PRPB officers then physically assaulted Marrero-Noa "[w]ithout prior notice or justification… beating him with their fists." *Id.*, at ¶ 27. Marrero-Noa was able to escape the assault and flee to his vehicle. *Id.* PRPB officers José Ortiz-Merced and Enrique Feliciano-Marrero allegedly proceeded to fire their state-issued firearms at Marrero-Noa, discharging approximately eight bullets and killing him instantly. *Id.*, at ¶¶ 28, 29. As a result, plaintiffs—who are Marrero-Noa's parents and siblings—seek a monetary award

---

[2] Despite its tardiness and plaintiffs' lack of good cause to excuse it, the Court, in its discretion, has opted to consider the opposition in its deliberation on defendants' motion to dismiss.

against the defendants in the form of compensatory, punitive, and other types of damages, as well as reasonable costs and attorney's fees. *Id.*, at 14.

The defendants, in their official capacities, move to dismiss the claims against them, arguing that the Commonwealth's sovereign immunity under the Eleventh Amendment, U.S. Const. amend. XI, bars plaintiffs from proceeding on their claims in federal court. **ECF No. 32**.

For the reasons set fort below, the Court **GRANTS** the defendants' motion to dismiss.

## II. Legal Standard

In reviewing a motion for failure to state a claim upon which relief can be granted, the Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Only "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

## III. Analysis

### A. Eleventh Amendment immunity.

Under the Eleventh Amendment, U.S. Const. amend. XI, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another

State." *Emps. of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973). In particular, "States cannot be sued for monetary damages in federal court unless the state being sued waives its Eleventh Amendment immunity or consents to being sued." *Serrano v. Figueroa-Sancha*, 878 F. Supp. 2d 301, 308 (D.P.R. 2012) (citing *O'Neill v. Baker*, 210 F.3d 41 (1st Cir. 2000); *Ciampa v. Mass. Rehabilitation Com'n*, 718 F.2d 1 (1st Cir. 1983); *Ezratty v. Puerto Rico*, 648 F.2d 770 (1st Cir. 1981)). This immunity extends to a state's agencies when they are arms of the state. *See Pastrana-Torres v. Corporación de P.R. Para La Difusión Pública*, 460 F.3d 124, 126 (1st Cir. 2006); *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Com. of Puerto Rico*, 818 F.2d 1034, 1036 (1st Cir. 1987).

The Commonwealth has long been treated as a state for Eleventh Amendment purposes. *See, e.g., Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*, 958 F.3d 26, 33 (1st Cir. 2020). Eleventh Amendment immunity extends to Commonwealth officials acting in their official capacities. *See Hernández-Zorrilla*, 2021 WL 1931956, at *3 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and *Pagán-García v. Rodríguez*, No. 14-1385 DRD, 2015 WL 5084640, at *6 (D.P.R. Aug. 27, 2015)). In effect, this immunity operates to bar suits in federal court that seek to recover monetary damages against Commonwealth officials sued in their official capacities. *See Cornavaca v. Ríos-Mena*, 18 F. Supp. 3d 105, 116 (D.P.R. 2014) (citing *Wang v. N.H. Bd. of Registration in Med.*, 55 F.3d 698, 700 (1st Cir. 1995)). The PRPB and its officers share in this immunity given that the Commonwealth's police force has long been considered an arm or alter ego of the state. *See, e.g., Santiago-Rodríguez v.*

*Puerto Rico*, 546 F. Supp. 3d 155, 159 (D.P.R. 2021); *Hernández-Zorrilla v. Roselló-Nevares*, No. CV 19-1397 (SCC), 2021 WL 1931956, at *3 (D.P.R. May 12, 2021); *Arroyo v. Puerto Rico Police Dep't*, 60 F. Supp. 3d 327, 330 (D.P.R. 2014) *Nieves Cruz v. Com. of Puerto Rico*, 425 F. Supp. 2d 188, 192 (D.P.R. 2006); *Sánchez Ramos v. Puerto Rico Police Dep't*, 392 F. Supp. 2d 167, 177 (D.P.R. 2005); *Cestero v. Rosa* 996 F. Supp. 133, 142-43 (D.P.R. 1998).[3]

### B.   Plaintiffs' claims against the defendants.

In their Amended Complaint, plaintiffs seek a monetary judgment against defendants in their official capacities and against the PRPB officers in both their official and personal capacities. Specifically, plaintiffs' first six causes of action seek to impose direct and supervisory liability on the defendants for violations of Marrero-Noa's Fourth and Fourteenth Amendment rights through 42 U.S.C. §§ 1983, 1985, and 1986. Amend. Comp., at ¶¶ 49-71. They further seek, under this Court's supplemental jurisdiction, 28 U.S.C. § 1367, to impose liability and recover damages on the defendants for their allegedly unlawful and negligent conduct under Puerto Rico Const. Art. II, §§ 1, 7, 10, and Articles 1536 and 1540 of the Puerto Rico Civil Code, 31 P.R.

---

[3] While some of these decisions refer to the Puerto Rico Police Department, the PRPB is its successor agency pursuant to a relatively recent legislative reform. *See* P.R. Laws Ann. t. 25 § 3506(a); *U.S. v. Puerto Rico*, No. 12-2039 (GAG), 2017 WL 11811242, *1 (D.P.R. Oct. 23, 2017). Also, the PRPB's umbrella agency—the Puerto Rico Public Safety Department—has also been recognized as an arm of the Commonwealth, although in the context of the diversity jurisdiction statute, 28 U.S.C. § 1332. *See Puerto Rico v. Texas Armoring Corp.*, 546 F. Supp. 3d 113, 115 (D.P.R. 2021); *Puerto Rico Dep't of Pub. Safety v. Tracfone Wireless, Inc.*, 514 F. Supp. 3d 400, 402 (D.P.R. 2021) (citing, *inter alia*, the arm-of-the state standard applied in *Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp.*, 322 F.3d 56 (1st Cir. 2003)). The Court sees no reason, and plaintiffs provide none, to depart from these conclusions.

Laws Ann. t. 31 §§ 10801, 10805. *Id.*, at ¶¶ 72-76 (plaintiffs' seventh cause of action). Finally, they seek attorney's fees and interest under 42 U.S.C. § 1888. *Id.*, at ¶¶ 77-79.

Evidently, plaintiffs seek to hale the Commonwealth and its instrumentalities into federal court to respond monetarily for a tort claim. Under the previously cited case law and the principles established therein, these claims are barred by the Commonwealth's Eleventh Amendment immunity. Further, plaintiffs did not argue (and it is doubtful that they could) that the Commonwealth has waived its immunity for suit of this type, or that Congress has abrogated it. Cf. *Hafer v. Melo*, 502 U.S. 21, 30 (1991) (Congress did not intend to abrogate state sovereign immunity through the enactment of 42 U.S.C. § 1983); *Díaz-Fonseca v. Puerto Rico*, 451 F.3d 13 (1st Cir. 2006) (Commonwealth's consent to suit in its own courts in tort or negligence actions is not extensive to federal courts); *Pagán v. Puerto Rico*, 991 F. Supp. 2d 434, 347 (D.P.R. 2014) (same); *Cáez v. Universidad de Puerto Rico*, No. CV 20-01003(GMM), 2023 WL 4489414 (D.P.R. July 11, 2023) (same). Moreover, the relief requested in the Amended Complaint is not the type of prospective injunctive relief that would fall under the exception of *Ex Parte Young*, 209 U.S. 123 (1908). Therefore, all claims alleged in the Amended Complaint against the defendants in their official capacity, under both federal and Commonwealth law, are barred by the Eleventh Amendment. These claims must be **DISMISSED**.

This dismissal, nonetheless, is without prejudice to plaintiffs' ability to file the dismissed claims in another forum. The Eleventh Amendment is a jurisdictional limitation imposed on the judicial power otherwise exercised by this Court over cases and controversies arising under the

Constitutions and laws of the United States. U.S. Const. Art. III, § 2; *see also, e.g., Seminole Tribe of Fla. V. Florida*, 517 U.S. 44, 72-73 (1996) ("The Eleventh Amendment restricts the judicial power under Article III…."). In this case, the Court has no jurisdiction over the Commonwealth and its instrumentalities. Any further pronouncement on whether the allegations in the Amended Complaint are sufficient to support a claim under Commonwealth law or 42 U.S.C § 1983 *et. seq.* is unnecessary. *See Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002) ("[I]f the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest."). Therefore, the Court will not address defendants' additional arguments regarding the sufficiency of plaintiffs' allegations and the dismissal will be without prejudice.[4]

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss at **ECF No. 32**. Consequently, all claims against the Commonwealth of Puerto Rico and Pedro Pierluisi-Urrutia, Alexis Torres, Antonio López-Figueroa, Lilibeth Torres-Pedraza, José Ortiz-Merced, Arnaldo Rodríguez-Rodríguez, and Enrique Feliciano Marrero in their respective official capacities are **DISMISSED WITHOUT PREJUDICE**. The case shall continue against

---

[4] Under *Parella v. Ret. Bd. of Rhode Island Employees' Ret. Sys.*, 173 F.3d 46 (1st Cir. 1999), the Court may (and in some difficult cases, should) defer Eleventh Amendment questions in favor of a resolution on the merits. 173 F.3d at 56-57; *accord Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*, 958 F.3d 26, 33 (1st Cir. 2020). However, this norm is applicable when the immunity issue is a difficult one while the merits issue is easier (and dispositive). *Id.* On the other hand, when the immunity issue is straightforward, the Court need not avoid it. In *Brait Builders Corp. v. Massachusetts, Div. of Cap. Asset Mgmt.*, 644 F.3d 5 (1st Cir. 2011), after discussing *Parella*, the First Circuit found it unwarranted to bypass the Eleventh Amendment question because "the answer to that question is quite straightforward." 664 F. 3d at 11. The Court is convinced that the same course of action is proper here.

defendants Lilibeth Torres-Pedraza, José Ortiz-Merced, Arnaldo Rodríguez-Rodríguez, and Enrique Feliciano-Marrero in their individual capacities only.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of September 2023.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**